**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | |
|---|---|
| **GENAVILLE LLC,** | |
| **Plaintiff,** | **Civil Action No. 5:15-cv-** |
| **v.** | **JURY TRIAL DEMANDED** |
| **NFL ENTERPRISES LLC,** | |
| **Defendant.** | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Genaville LLC files its Original Complaint for Patent Infringement as follows:

### THE PARTIES

1.  Genaville LLC is a Texas limited liability company with a principal office at 1400 Preston Road, Suite 478, Plano, Texas 75093.

2.  Upon information and belief, Defendant NFL Enterprises LLC ("Defendant") is a Delaware limited liability company with a principal office at 345 Park Avenue, New York, New York 10154.

### JURISDICTION AND VENUE

3.  This action arises under the Patent Act, 35 U.S.C. § 1, *et seq.*

4.  Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

5.  This Court has personal jurisdiction over Defendant because at least a portion of the infringements alleged herein occurred in this District; and Defendant regularly does or solicits business, engages in other persistent courses of conduct, or derives revenue from goods and services provided to individuals in this District through its electronic commerce website: http://www.nflshop.com/.

6.  Venue is proper in this District under §§ 1391(b), (c), and 1400(b).

**THE PATENT-IN-SUIT**

7.      On December 7, 1999, the U.S. Patent and Trademark Office duly and lawfully issued U.S. Patent No. 5,999,927 (the "927 patent"), entitled "Method and Apparatus for Information Access Employing Overlapping Clusters."  *See* Exhibit A.

8.      Genaville is the owner and assignee of all right, title, and interest in and to the 927 patent.

**COUNT I**
**DIRECT AND INDUCED INFRINGEMENT OF U.S. PATENT NO. 5,999,927**
**UNDER 35 U.S.C. §§ 271(a) & (b)**

9.      Genaville incorporates by reference each of its allegations in paragraphs 1 to 8.

10.      Without license or authorization, Defendant has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, one or more claims of the 927 patent under 35 U.S.C. § 271(a) by, among other things, making, using, offering for sale, or selling within this District and elsewhere in the United States at least a method, operating in a digital computer, for searching a corpus of unclustered documents, comprising the steps of preparing, in response to a query, an initial structuring of the unclustered corpus into a plurality of primary overlapping clusters, wherein at least two of the plurality of primary overlapping clusters contain a document in common; and determining a summary of the plurality of primary overlapping clusters prepared by said initial structuring of the corpus.  Such a method is an integral part of Defendant's electronic commerce website, which its customers and others use to search for and purchase items on its website.

11.      Defendant has actively induced and continues to actively induce the direct infringement through its customers or others, either literally or under the doctrine of equivalents, of one or more claims of the 927 patent under 35 U.S.C. § 271(b) by, among other things, actively, knowingly, and intentionally encouraging, aiding, or abetting its customers or others to make, use, offer for sale, or sell at least a method, operating in a digital computer, for searching a corpus of unclustered documents, comprising the steps of preparing, in response to a query, an initial structuring of the unclustered corpus into a plurality of primary overlapping clusters,

wherein at least two of the plurality of primary overlapping clusters contain a document in common; and determining a summary of the plurality of primary overlapping clusters prepared by said initial structuring of the corpus.  Such a method is an integral part of Defendant's electronic commerce website, which Defendant guides its customers and others to use to search for and purchase items on its website.

12.     On information and belief, Defendant has had actual knowledge of the 927 patent at least as early as the date it received a copy of this Complaint.  And at least as early as that date, Defendant knew or intentionally avoided learning that it was inducing infringement of one or more claims of the 927 patent.

## PRAYER FOR RELIEF

Genaville seeks the following relief from this Court:

A.     Judgment that Defendant has directly infringed and induced infringement of the 927 patent literally or under the doctrine of equivalents;

B.     An accounting of all infringing acts through the time of judgment;

C.     An award of damages in the form of at least a reasonable royalty for Defendant's past and future infringement of the 927 patent through the time of judgment, together with pre- and post-judgment interest and costs under 35 U.S.C. § 284;

D.     Judgement that this case is exceptional and an award of Genaville's reasonable attorneys' fees and costs under 35 U.S.C. § 285; and

E.     An award to Genaville of such further relief at law or in equity that this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff Genaville demands a trial by jury on all claims and issues so triable.

Dated: June 14, 2015

Respectfully submitted,

_____
Peter J. Corcoran, III – Lead Attorney
Texas State Bar No. 24080038
**CORCORAN IP LAW, PLLC**
2509 Richmond Road, Suite 380
Texarkana, Texas 75503
Tel: (903) 701-2481
Fax: (844) 362-3291
Email: peter@corcoranip.com

*Counsel for Plaintiff*
*Genaville LLC*